Argued and submitted May 26, 1987, reversed and suspension order reinstated
January 13, 1988

In the Matter of the Suspension of
the Driving Privileges of
**CLARK,**
*Respondent,*
*v.*
**MOTOR VEHICLES DIVISION,**
*Appellant.*
(A 8604-02206; CA A41402)
748 P2d 176

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael L. Rosenbaum, Portland, argued the cause for

respondent. With him on the brief was Rosenbaum & Simmons, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Motor Vehicles Division (MVD) appeals a judgment reversing its order suspending petitioner's driving license for refusal to take a breath test. We reverse.

On February 17, 1986, petitioner was arrested for driving under the influence of intoxicants by Officer Stevenson, who had been dispatched with two other officers to a restaurant after a call concerning an "unwanted person." The officers escorted petitioner out of the lounge and told him that he could not drive and that he should either walk home or have someone drive him home. Shortly thereafter another officer saw petitioner drive from the street to the parking lot, and Stevenson saw petitioner drive into the parking lot, where he stopped him. At that time, Stevenson observed that petitioner had watery, bloodshot eyes, a moderate to strong odor of alcohol and a "weaving walk pattern." Officer Barkley met petitioner at the police station and noticed that he exuded a moderate to strong odor of alcohol and had watery bloodshot eyes, slurred speech and swaying balance. Stevenson reported to Barkley what he had observed, and Barkley requested that petitioner take the breath test. Petitioner refused, and Barkley cited him for driving under the influence of intoxicants.

■ Appellant assigns error to the trial court's ruling that there was not sufficient admissible evidence to support the hearing officer's conclusion that the police officer had reasonable grounds to believe, at the time when the breath test request was made, that defendant had been driving under the influence of intoxicants. We conclude that there was substantial evidence. The issue is not whether petitioner was in fact driving under the influence, but whether the officer reasonably believed that he was. ORS 813.100. Barkley was advised by a fellow officer that he had personally observed petitioner driving and that petitioner had demonstrated indications of intoxication. Barkley's testimony as to information provided by the other officer was admissible. ORS 183.450(1). That evidence, considered with Barkley's personal observations, provides substantial evidence to support the officer's belief that petitioner had been driving under the influence of intoxicants.

■ Appellant also assigns error to the trial court's ruling that an error in statutory citation in the hearing notice given

to petitioner invalidated petitioner's suspension.[1] In *Clark v. MVD (A41313),* 89 Or App 254, 748 P2d 178 (1988), we hold that an incorrect statutory reference does not invalidate a suspension order. Accordingly, the trial court erred in invalidating the suspension on that basis, too.

Reversed; suspension order reinstated.

---

[1] The notice stated that the hearing would be conducted in accordance with *former* ORS 482.541. The statutory reference should have been to provisions in ORS ch 813. Statutory changes went into effect on January 1, 1986, but MVD had continued to use forms which contained the outdated statutory citations. However, except for the citations, the recitation of the substantive provisions of the law was accurate.