Argued and submitted May 26, 1987, affirmed January 13, 1988

In the Matter of the Suspension of
the Driving Privileges of
CLARK,
*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(A 8604-02207; CA A41313)

748 P2d 178

Michael L. Rosenbaum, Portland, argued the cause for appellant. On the brief was Christopher J. Watkins, Portland.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor

General, and Linda DeVries Grimms, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner appeals from a judgment affirming the Motor Vehicle Division's (MVD) suspension of his driving privileges for refusal to take a breath test. We affirm.

On February 17, 1986, at approximately 10 p.m., Officer Barkley arrested petitioner for driving under the influence of intoxicants. Barkley told petitioner that he could not drive his truck, and it was taken by the police to a storage lot. At 12:36 a.m., after petitioner's release from the police station, Barkley received a radio dispatch that a cab driver had seen a black truck, matching the description of petitioner's, speeding away from the lot where he knew that petitioner's truck had been taken. Barkley sent another officer to petitioner's residence, while he went to the lot, where he found the gate open. Petitioner was arrested at his home for driving under the influence. Barkley returned to the station, where he met with the officers who had arrested petitioner and with the cab driver and petitioner. The cab driver told Barkley that he had driven petitioner to the storage lot operator to get a release for the truck and then to a location near the lot and that he later saw a black truck speeding away from the lot.

Barkley testified that the officers who arrested petitioner at his home told him that petitioner had admitted to them that he had driven the truck from the lot to his residence and that they believed that he was intoxicated at the time of his arrest. At the police station, Barkley observed that petitioner had a moderate odor of alcohol on his breath, watery and blood shot eyes, slurred speech and swaying balance. He requested that petitioner take the breath test at the station, but petitioner refused.

Petitioner assigns error to the trial court's ruling that Barkley's testimony regarding statements made by the other officers and the cab driver was admissible. He argues that the testimony was hearsay and that, without it, there was no evidence to support the conclusion that Barkley had reasonable grounds to believe that petitioner had been driving under the influence of intoxicants. ORS 813.100.

Barkley's testimony was not hearsay, because it was not offered to prove the truth of the matter asserted. OEC 801. Rather, it was offered to prove that Barkley reasonably

believed that petitioner had driven under the influence of intoxicants. That evidence, considered with Barkley's direct personal knowledge, provides substantial evidence to support the officer's belief that petitioner was driving under the influence of intoxicants. Moreover, even if it were hearsay, it would be admissible in a contested case under ORS 183.450(1), which provides, in relevant part:

> "Irrelevant, immaterial or unduly repetitious evidence shall be excluded * * *. All other evidence of a type commonly relied upon by reasonably prudent persons in conduct of their serious affairs shall be admissible."

■ Petitioner's second assignment of error is that the trial court erred in determining that the hearing notice from MVD was proper. The notice stated that the hearing would be conducted in accordance with *former* ORS 482.541. The statutory reference in the hearing notice should have been to provisions in ORS ch 813.[1] Petitioner argues that the notice violated the requirement of ORS 183.415 that a party to a contested case receive a notice that includes, among other things, "[a] reference to the particular sections of the statutes and rules involved."[2]

We conclude that the notice was sufficient. Petitioner does not argue that any of his substantive rights was violated, but only that the reference to the statutes was incorrect. Such a technical violation does not provide a basis for invalidating a suspension. The trial court correctly determined that the notice was sufficient.

Affirmed.

---

[1] The applicable statutes at the time of petitioner's arrest and at the time of the hearing were ORS 813.100 to 813.130, ORS 813.410 to 813.430 and ORS 813.450. The changes in the law had gone into effect on January 1, 1986, but MVD continued to use forms which contained the outdated statutory citations. However, except for those citations, the recitation of the substantive provisions of the law was accurate.

[2] Petitioner also argues that MVD lacked jurisdiction, because the process was not initiated by a sworn report, as required by *former* ORS 482.541(1). His argument is without merit, because *former* ORS 482.541 was amended in 1985 to delete the requirement of a sworn report. Or Laws 1985, ch 672, § 1.